1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Ellen Wilson,<br><br>          Plaintiff,<br><br>vs.<br><br>Liberty Life Assurance Company of Boston,<br><br>          Defendant. | No. CV-04-1373-PHX-NVW<br><br>**ORDER** |

The court has before it Defendant's supplemental brief regarding the issue of remand (Doc. # 61), Plaintiff's supplemental brief regarding the issue of remand (Doc. # 62), Defendant's response to Plaintiff's supplemental brief (Doc. # 63), and Plaintiff's response to Defendant's supplemental brief (Doc. # 64). The court has also considered the relevant briefing in Plaintiff's Motion for Attorney's Fees (Doc. # 42), Defendant's Objections (Doc. # 48), and Plaintiff's Reply (Doc. # 51).

On May 1, 2006, Plaintiff ("Wilson") filed a motion for attorney's fees. Upon reading the initial motion, response, and reply, the court concluded that supplemental briefing on the issue of the appropriate remedy would be helpful. On June 13, 2006, the court ordered the parties to submit supplemental briefs on this issue. The issues presently before the court are (1) whether the court erred by awarding benefits to Wilson rather than remanding the issue to the plan administrators and (2) whether, assuming that an award of benefits was correct,

1 the award period should be limited to twenty-four months because Liberty Life Assurance
2 Company of Boston's ("Liberty") definition of disability changed at that point. These
3 arguments are addressed in turn.

4 **I.    Statement of the Case**

5 The facts of the case are described at length in the court's March 28, 2006 Order. In
6 that order, the court held that Liberty abused its discretion in denying Wilson's disability
7 claim. The court articulated five grounds for why Liberty abused its discretion: (1) although
8 Liberty's disability plan did not require claimants to establish disability through solely
9 objective medical evidence, Liberty required Wilson to do so; (2) Liberty's letter
10 acknowledging that it should have physically examined Wilson; (3) Liberty's reliance on a
11 file review; (4) Liberty's improper reliance on the fact that Wilson did not demonstrate that
12 her condition substantially worsened immediately before she filed her disability claim; and
13 (5) Liberty's cursory treatment of Wilson's medical evidence. While the court awarded
14 Wilson benefits under the abuse of discretion standard, the court also stated that Wilson had
15 sufficiently demonstrated a conflict of interest, which would have resulted in de novo review
16 had the court not awarded benefits under the abuse of discretion standard.

17 **I.    Decision to Remand**

18 In its March 28, 2006 Order, the court awarded benefits to Wilson. The court stated
19 that although *Saffle v. Sierra Pacific Power Co.*, 85 F.3d 455, 460-61 (9th Cir. 1996),
20 instructs a court to remand a claim determination to the plan administrator when the
21 administrator applies the wrong standard to a disability claim, this case involved more than
22 the administrator solely applying the wrong standard. *See id.* at 460 ("Here, the Committee
23 abused its discretion by erroneously factoring 'accommodation' into the criteria for total
24 disability for purposes of occupational disability benefits."). While it is clear that Liberty
25 essentially wrote in a requirement that a claimant establish disability solely by objective
26 medical evidence–which the plan did not support–Liberty abused its discretion in other ways
27 as well. Liberty acknowledged that it should have physically examined Wilson, yet it chose
28

- 2 -

1  not to do so, admitting that this decision "prejudiced" its appeal review.[1] Liberty also relied
2  upon reviewing doctors' opinions, in which such doctors cursorily disregarded Wilson's
3  extensive medical evidence. The court therefore followed the reasoning of *Grosz-Salomon*
4  *v. Paul Revere Life Insurance Co.*, 237 F.3d 1154 (9th Cir. 2001), and award benefits, which
5  Liberty asserts was error.

6  In *Grosz-Salomon,* the district court awarded benefits under an abuse of discretion
7  standard. *Id.* at 1162. It then issued a post-judgment order acknowledging that it should
8  have applied de novo review. *Id.* Although the Ninth Circuit held that the district court erred
9  in applying an abuse of discretion standard, it did not remand. *Id.* Instead, it reviewed on
10  the merits the district court's decision to award benefits. *Id.* at 1162-63. The court
11  concluded that "retroactive reinstatement of benefits is appropriate in ERISA cases where,
12  as here, but for the insurer's arbitrary and capricious conduct, the insured would have
13  continued to receive the benefits or where there was no evidence in the record to support a
14  termination or denial of benefits. In other words, a plan administrator will not get a second
15  bite at the apple when its first decision was simply contrary to the facts." *Id.* at 1163
16  (citations and internal quotation marks omitted). The court distinguished *Saffle* as standing
17  "for the proposition that 'remand for reevaluation of the merits of a claim is the correct
18  course to follow when an ERISA plan administrator, with discretion to apply a plan, has
19  misconstrued the Plan and applied a wrong standard to a benefits determination.'" *Id.*
20  (quoting *Saffle*, 85 F.3d at 461).

21  While this case is not on all fours with *Grosz-Salomon*, it is also factually
22  distinguishable from *Saffle* for the reasons mentioned above. What is clear from these two
23  cases is that a remand to the plan administrators is not required every time a court concludes
24  that the plan administrators abused their discretion. *Canseco v. Construction Laborers*
25  *Pension Trust for Southern California.*, 93 F.3d 600, 606 (9th Cir. 1996), supports this

---

[1] Liberty, four years later, now asks for an opportunity to reopen the administrative record and physically examine Wilson.

- 3 -

conclusion.² *Id.* (distinguishing *Saffle* and awarding benefits instead of remanding to the administrators because "no factual determinations remain to be made in this case"). District court decisions within this circuit have reached the same conclusion. *See, e.g.*, *DeLeon v. Bristol-Myers Squibb Co. Long Term Disability Plan*, 203 F. Supp. 2d 1181, (D. Or. 2002) (finding *Saffle* inapposite and awarding benefits when the questions before the court were limited to evidentiary issues and whether the defendant abused its discretion in terminating DeLeon's long-term disability benefits); *Rigg v. Cont'l Cas. Co.*, No. 03-296, 2004 U.S. Dist. LEXIS 8009, *20 (N.D. Cal. 2004) (awarding benefits under abuse of discretion review because "[t]he undisputed facts in the Administrative Record show that Rigg suffered from fatigue and weakness associated with her medical condition to the extent that she could work no more than 30 hours a week and required frequent rest periods throughout th day"); *Rosenthal v. Long-Term Disability Plan of Epstein, Becker & Green*, P.C., No. 98-4246, 1999 U.S. Dist. LEXIS 21443, *42-43 (C.D. Cal. 1999) (awarding benefits under both abuse of discretion and de novo review, stating that "*Saffle* does not require a remand where [] no additional factual determinations need to be made and only one conclusion can be reached").

Thus, the decision whether to remand is determined by the particular facts of the case. If the case involves the plan administrator's application of the wrong standard, then remand is the proper remedy under *Saffle*. However, if the facts of a particular case demonstrate that no purpose would be served by a remand, then the court may award benefits. Moreover, courts have recognized the negative consequences of remanding a benefits determination to plan administrators every time they abuse their discretion: "If [remand] were to become routine, it would pose a serious risk of simply allowing 'mulligans' to sloppy plan administrators–at the expense of both the courts and plan participants." *Fleet v. Indep. Credit Union*, No. 04-507, 2005 U.S. Dist. LEXIS 11778, *8 (S.D. Ind. 2005). In addition, the Fifth Circuit has recognized the unfairness of allowing a remand to expand the record:

---

²Although *Canseco* does not involve a plan administrator's disability determination, it is relevant because of its decision to award benefits after concluding that the plan administrators abused their discretion.

- 4 -

> Here, however, the only issue in dispute was whether a material misrepresentation was made. We decline to remand to the administrator to allow him to make a more complete record on this point. We want to encourage each of the parties to make its record before the case comes to federal court, and to allow the administrator another opportunity to make a record discourages this effort. Second, allowing the case to oscillate between the courts and the administrative process prolongs a relatively small matter that, in the interest of both parties, should be quickly decided. Finally, we have made plain in this opinion that the claimant only has an opportunity to make his record before he files suit in federal court[;] it would be unfair to allow the administrator greater opportunity at making a record than the claimant enjoys.

*Vega v. Nat'l Life Ins. Serv.*, 188 F.3d 287, 302 n. 14 (5th Cir. 1999) (*en banc*).

Under the facts of this case, a remand is not proper even apart from Liberty's unauthorized requirement that Wilson prove by objective medical evidence alone that she was disabled when the plan did not support such a requirement. Liberty independently abused its discretion by requiring Wilson to show that her condition worsened at the time she filed for disability and by relying on non-examining doctors' opinions while admitting that it should have had a doctor physically examine Wilson–as explicitly admitted in its denial letter. These doctors either failed to evaluate all of the evidence or cursorily disregarded Wilson's evidence. Liberty now asks for a remand so that it can consider all of Wilson's evidence–not just the objective medical evidence–to determine if, four years later, she is unable to perform her nursing occupation. Liberty chose to make a determination of no disability on a record that could not reasonably support that conclusion. By awarding benefits, this court is not making a first determination on a question that Liberty has not before addressed; it is adjudicating the only reasonable answer to the question to which Liberty already gave its answer. Remanding this determination would thus be improper because no purpose would be served by the remand.

## II.     "Any Occupation" Disability

Pursuant to Liberty's plan, a claimant may file a long-term disability claim alleging that she cannot perform her "own occupation." A claimant is eligible to receive disability benefits during the "own occupation" period for twenty-four months. At the end of this twenty-four month period, in order to continue receiving benefits, the claimant must be unable

- 5 -

to perform "any occupation." Wilson filed a claim for long-term disability on July 25, 2002. On October 22, 2002, Liberty denied Wilson's claim, finding that Wilson could still perform her nursing occupation. Wilson appealed Liberty's initial denial on March 19, 2003, and Liberty affirmed on July 23, 2003. On July 6, 2004, nearly a year later, Wilson filed a complaint in this court. On July 25, 2004–twenty-four months after Wilson first filed her claim for long-term disability and approximately twelve months after Liberty denied Wilson's disability claim–the standard which Wilson needed to establish disability changed from demonstrating an inability to perform her "own occupation" to demonstrating an inability to perform "any occupation."

Liberty argues that because it has not yet determined Wilson's ability to perform "any occupation," Wilson should receive only twenty-four months of benefits, and the question of whether Wilson is disabled from "any occupation" should be remanded to Liberty. Liberty is correct in this assertion.

First, the record on this issue is not complete. In her Complaint, Wilson does not allege that she is disabled from "any occupation." Doc. # 1 (other than quoting the Liberty's definition of total disability, which includes "own occupation" and "any occupation" provisions, Wilson does not distinguish between the two). Moreover, the evidence that Wilson submitted to Liberty was intended to establish that she was unable to perform her regular occupation as a nurse. And that is the standard under which Liberty denied Wilson's disability claim.

Second, case law supports this approach. In *Saffle*, 85 F.3d at 460, after concluding that Sierra abused its discretion by misconstruing the plan and before stating that a remand was appropriate in such a situation, the court addressed whether a claimant should receive benefits beyond the initial twenty-four months when the plan's definition of disability changed at that point and the claimant never applied for disability under the second definition:

> Sierra Pacific further argues that the district court erred by ordering benefit payments beyond the initial 24-month disability period because Saffle never applied for general disability payments and her eligibility for the second-tier benefits has never been considered by the Benefit Committee. We agree that there is nothing in the administrative record about general disability. Of course

- 6 -

> it is the case, as Saffle contends, that she could not have applied for general disability since she first must have been awarded occupational disability benefits; but that affords no basis upon which to uphold an order to pay benefits from the date of onset to the present. Therefore, to the extent the district court ordered payments beyond the initial 24-month period, it was error to do so.

*Id.* The only difference between the facts of *Saffle* and the facts of this case is that here it is appropriate to award benefits for the first twenty-four months. This difference, however, does not counsel a different result.

In *Rigg*, No. 03-296, 2004 U.S. Dist. LEXIS 8009, the district court addressed this precise issue:

> The complaint, filed January 22, 2003, fourteen months after the elimination period expired, does not include a request for benefits based on Rigg's total disability from any occupation. Neither does the current record address Rigg's ability to engage in any occupation beyond the initial twenty-four months period to the present. Because this court finds that Rigg is disabled from her regular occupation, it is appropriate to remand Rigg's claim for benefits beyond twenty-four months to [Continental Casualty Company] to make a determination as to whether Rigg is totally disabled from any occupation.

*Id.* at *21. The *Rigg* court determined that Continental Casualty Company had abused its discretion in denying Rigg's disability request based on her inability to perform her regular occupation, which resulted in an award of benefits for a twenty-four month period, and remanded to Continental Casualty Company the issue of whether Rigg was disabled from all occupations. *Id.* at *19-20. *See also McLeod v. Hartford Life and Accident Ins. Co.*, No. 02-4295, 2004 U.S. Dist. LEXIS 19242, *25 (E.D. Pa.) (awarding benefits for the twenty-four months of own occupation disability but remanding to the plan administrators the issue of whether McLeod could perform any occupation); *Black v. Unum Life Ins. Co. of Am.*, 324 F. Supp. 2d 206, 218 (D. Me. 2004) (same).

Thus, it would be improper for the court to award benefits beyond the "own occupation" disability period.

### III. Conclusion

The parties have stipulated that the amount of accrued and unpaid benefits during the twenty-four month "own occupation" disability period is $16,060.56. The parties have also

- 7 -

stipulated that the total pre-judgment interest on the twenty-four months of "own occupation" disability, calculated at a rate of 3.9% and ending on May 25, 2006, amounts to $626.36.

With respect to taxable costs, Wilson may submit a statement of costs for processing in accordance with Rule 54(d)(1) and LRCiv 54.1.

IT IS THEREFORE ORDERED that the clerk enter judgment in favor of Plaintiff Mary Ellen Wilson against the Defendant Liberty Life Assurance Company of Boston as follows:

1. For principal damages of $16,060.56 for the twenty-four month period between July 26, 2002, and July 25, 2004;

2. For pre-judgment interest in the amount of $626.36 to May 25, 2006;

3. For further pre-judgment and post-judgment interest at the rate of 3.9% per annum on the principal sum of $16,060.56 from May 26, 2006, until paid; and

4. Remanding Plaintiff's claim for disability benefits accruing after July 25, 2004, to Defendant for determination.

IT IS FURTHER ORDERED that Plaintiff may supplement by July 31, 2006, her claim for attorney's fees. Defendant may respond to the supplement within ten days of service of the supplement. Plaintiff my reply to the response within five days of service of the response. The parties need not duplicate the briefing or the supporting materials already presented in Plaintiff's Motion for Attorney's Fees (Doc. # 42), Defendant's Objections (Doc. # 48), and Plaintiff's Reply (Doc. # 51).

DATED this 20th day of July 2006.

_____
Neil V. Wake
United States District Judge